IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01919-REB-MEH

CINDY FLYNN,

    Plaintiff,

v.

WELLS FARGO N.A./
BANK OF NEW YORK TRUST COMPANY, N.A.,

    Defendants.

---

# RECOMMENDATION FOR DISMISSAL WITHOUT PREJUDICE FOR LACK OF SERVICE

---

**Michael E. Hegarty, United States Magistrate Judge.**

This matter comes before the Court *sua sponte*, due to Plaintiff's failure to respond to the Court's Order to Show Cause regarding Plaintiff's lack of proper service on Defendant in this matter. The Court recommends that, for the reasons stated herein, this case be **dismissed without prejudice**.[1]

On September 8, 2008, Plaintiff filed her Complaint pursuant to the Truth in Lending Act, 15 U.S.C. §1601 *et seq*. (Docket #1.) This Court set a Scheduling Conference for December 11,

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

2008, at 9:45 a.m. Three days before the conference, Plaintiff filed a Motion for Extension of Time to Complete Scheduling Order, which the Court granted in part and denied in part by converting the Scheduling Conference to a Status Conference. (Dockets #8, 10.) Plaintiff failed to appear at 9:45 a.m. on December 11, 2008, for the Status Conference, but did appear at or about 11:00 a.m. that day, stating she had gone to the incorrect courtroom for the 9:45 a.m. setting. The Court convened the conference at that time and discussed with Plaintiff the fact that service had not yet been completed. The Court directed Plaintiff to Fed. R. Civ. P. 4(h) governing service on a corporation. The Court also explained that Plaintiff has 120 days from the date of filing her Complaint to complete service on Defendant, which would be early January, 2009. The Court then scheduled, on the record and in the presence of Plaintiff with Plaintiff's acknowledgment, a Status Conference on January 28, 2009, to follow up on the issue of service in this matter. Plaintiff did not attend the Status Conference set for January 28, 2009, nor did Plaintiff call Chambers or file a motion to indicate any excuse or reason for her non-appearance.

According to the docket in this case, Plaintiff still has not served Defendant. Pursuant to Fed. R. Civ. P. 4(m), service on Defendant was due January 6, 2009. Following Plaintiff's non-appearance on January 28, 2009, the Court issued an Order to Show Cause requiring Plaintiff to show cause, in writing and filed with the Court on or before February 11, 2009, as to why her Complaint should not be dismissed for lack of proper service on Defendant. Plaintiff has not responded to the Order to Show Cause.

Although Plaintiff is proceeding in this case without an attorney, she bears the responsibility of prosecuting this case with due diligence. The Court must liberally construe *pro se* filings; however, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). In pertinent part, Fed. R. Civ. P.

4(m) dictates:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

The Court provided notice to Plaintiff in its January 28, 2009, Order to Show Cause, to which Plaintiff has not responded. (Docket #14.) Accordingly, pursuant to Fed. R. Civ. P. 4(m), the Court RECOMMENDS Plaintiff's Complaint be **dismissed without prejudice** for failure to complete service.

Dated at Denver, Colorado, this 18th day of February, 2009.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge